**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
_____ **DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 02 2021

By: JAMES N. HATTEN, Clerk
      Deputy Clerk

YASHAVANT R PATEL
(Print your full name)

Plaintiff *pro se*,

v.

LOUIS DEJOY

POSTMASTER GENERAL

UNITED STATES POSTAL SERVICE
        AGENCY

_____
_____
(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:21-CV-1342**

(to be assigned by Clerk)

---

## PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    ✓    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

        **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

_____  Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____  Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____  Other  (describe)  _____

_____

_____

_____

_____

_____

2.    This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.   Plaintiff.   Print your full name and mailing address below:

Name   YASHAVANT R PATEL

Address   240 GRANGER LN

LAWRENCEVILLE  GA-30044-2335

4.   Defendant(s).   Print below the name and address of each defendant listed
on page 1 of this form:

Name   LOUIS DEJOY

Address   475 L'ENFANT PLAZA SW,
WASHINGTON, D.C. - 20260

Name

Address

Name

Address

## Location and Time

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the
address provided for defendant(s), state where that discrimination occurred:

NORTH METRO P&DC, 1605 BOGGS RD,

DULUTH GA-30026

6.    When did the alleged discrimination occur?  (State date or time period)

Alleged discrimination occured on 1st July 2018 around 5PM and on 2nd July 2018 around 2:45 PM in the Maintenance Office in N. Metro P&DC, Duluth GA-30026.

**Administrative Procedures**

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?    ✓ Yes    _____ No

> If you checked "Yes," attach a copy of the charge to this complaint.

8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

✓ Yes    _____ No

> If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:
>
> _____

9.    If you are suing for **age discrimination**, check one of the following:

_____    60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

_____    Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

N/A

_____ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

N/A

_____ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

       _____        failure to hire me
       _____        failure to promote me
       _____        demotion
       _____        reduction in my wages
       ✓             working under terms and conditions of employment that differed
                      from similarly situated employees
       ✓             harassment
       ✓             retaliation
       _____        termination of my employment
       _____        failure to accommodate my disability
       _____        other (please specify) _____

       _____


13. I believe that I was discriminated against because of (check only those that apply):

       ✓             my race or color, which is  ASIAN  INDIAN
       ✓             my religion, which is  HINDU
       _____        my sex (gender), which is _____ male _____ female
       ✓             my national origin, which is  INDIAN.
       ✓             my age (my date of birth is  10/08/1956.        )
       _____        my disability or perceived disability, which is:

       _____

       _____        my opposition to a practice of my employer that I believe violated
                      the federal anti-discrimination laws or my participation in an
                      EEOC investigation

       _____        other (please specify) _____

       _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

(1) Mr Fredy Hernandez, MMO T-3 N.Metro P&DC Duluth GA 30026 on 1st July, 2018 called me in his office and shouted, bullied on me over fixing the labeller on closs 202 when I had asked help from a trained mechanic and shouted for about 6 to 7 minutes and did not allow me to responce to his questions.

(2) On 2nd July 2018 I complained to Mr. Scott Schaffer in his office for about 20 minutes until 02:45 PM.

(3) Then Mr. Hernandez (MMO) T-3 called me in his office and he asked me where I was for last 20 minutes, while I was replying he repeated same question then I realised that he was mad and out of his stable mind, I had asked him if he was mad. Then he got off his chair and told me to clock out and go home in 5 seconds. He started counting 1sec, 2sec and asked SMO Ricky Greaves to call 911 so I had to leave and I was sent home

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.) untill July 24, 2018 and was not paid for the lost time.

(4) I had made several verbal and written requests to Mr. Hernandez to stop harassment and discrimination. (Pl. see copies)

15. Plaintiff   __✓__   still works for defendant(s)
                __ __   no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   _____ Yes   __✓__ No

    If you checked "Yes," please explain: _____

    _____

    _____

    _____

    _____

17. If your case goes to trial, it will be heard by a judge unless you elect a jury trial. Do you request a jury trial?   _____ Yes   _____ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

_____   Defendant(s) be directed to _____

         _____

__✓__   Money damages (list amounts) __$4153.57__
         Please see the Attachment for details. #3 next page.

__✓__   Costs and fees involved in litigating this case
         $402.00 Case filing fee.

__✓__   Such other relief as my be appropriate
         Punitive Damage $4050.00
         Grand Total - $8605.57

Attach ment
#3.

**Patel, Yashavant**                **2018-NMM-118**

### Clarification of Contentions

Employee Patel was improperly placed off duty and kept as such for 15 days, when he was summoned back on 7/23 to attend an investigative interview. During this time he was not paid and amassed **56** hours of **LWOP, 56** hours of **AWOL,** charged **7** hours of annual leave that he did **NOT** request, and was denied his holiday worked pay. When he reported for the investigative interview, he was finally put on the clock and sick leave would be utilized for the next 30 hours **(requested).**

The grievant is due the following:

1. Replace the **7** hours annual leave that he was charged when he was involuntarily **DEMANDED** to leave the premises on **7/2/18** with **7** hours of administrative leave, to be granted whenever he applies.
2. Change the **56** hours of **AWOL** that he was charged 7/14 thru 7/22 to reflect work hours.
3. Pay the grievant **$3,692.55** he was due for **103** work hours at the level 10 step P straight time rate.
4. Pay the grievant a total of **$153.66** for the **78** differential hours he would have worked.
5. Pay the grievant a total of **$22.72** for the **16** hours of Sunday premium he would have worked.
6. Pay the grievant a total of **$284.64** for the **8** hours of holiday worked pay he would have earned **(he volunteered and was scheduled to work his 7/4[th] holiday).**

**In total, the grievant is due a lump sum of $4,153.57**

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 1st day of APRIL , 20 21

_____
(Signature of plaintiff *pro se*)

YASHAYANT R PATEL
(Printed name of plaintiff *pro se*)

240 GRANGER LN
(street address)

LAWRENCEVILLE GA-30044 -2335
(City, State, and zip code)

9YASH PATEL @GMAIL.COM
(email address)

678-480-4398
(telephone number)

Page 9 of 9



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Yashavant R. Patel, a/k/a
Bill A.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service,
Agency.

Request No. 2020005319

Appeal No. 2020002312

Agency No. 1K-302-0015-20

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Bill A. v. U.S. Postal Serv., EEOC Appeal No. 2020002312 (Aug. 27, 2020). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In his underlying complaint, Complainant, an ET-10 Electronic Technician at the Agency's North Metro Processing and Distribution Center in Duluth, Georgia, claimed that he was subjected to discrimination and a hostile work environment on the bases of his national origin (Asian), religion (Hindi) and in reprisal for his prior protected EEO activity when:

1. On July 2, 2018, he was sent home and not paid for three weeks; and

2. On November 1, 2019, management called him on the radio/intercom several times and stated that he had not been seen for the last 30 minutes while he was at lunch.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

The Agency dismissed claim (1) pursuant to C.F.R. § 1614.107(a)(2) on the grounds that Complainant failed to initiate contact with an EEO Counselor in a timely manner. Claim (2) was dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) on the grounds of failure to state a claim.

On appeal, the Commission affirmed the Agency's dismissal decision. We determined that Complainant's EEO Counselor contact occurred on November 10, 2019, which was more than 45 days after the alleged incident of July 2, 2018 at issue in claim (1), and thus was untimely. With regard to claim (2), we found that management calling Complainant on the radio/intercom several times and stating that he had not been seen for the last 30 minutes while he was at lunch did not constitute harm or loss with respect to a term, condition, privilege of Complainant's employment. Finally, with respect to Complainant's hostile work environment claim, we concluded that the alleged incidents were insufficient to support a claim of discriminatory harassment. Accordingly, we affirmed the Agency's dismissal of the complaint.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and mostly reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2020002312 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

3                                                    2020005319

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

December 29, 2020
Date

4                                            2020005319

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.**  I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Yashavant R. Patel
507 Snow Owl Way
Lawrenceville, GA  30044
Via U.S. Mail

Harvey Orr
1568 Laurenceae Way
Riverdale, GA  30296
Via U.S. Mail

U.S. Postal Service
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP


December 29, 2020
Date


Compliance and Control Division

**UNITED STATES POSTAL SERVICE ®**

## Information for Pre-Complaint Counseling

Reference: PRE-030194-2018

On **7/5/2018** I requested
*(Month, Day, Year)*
an appointment with an Alternative Dispute Resolution (ADR) Specialist.

| Code | Date Stamp | **RECEIVED** |
|---|---|---|
| Case Number **1K-302-0082-18** | | **JUL 26 2018** |
| Page Number **(9)** | | **NEEEOISO** |

**Important:** You should complete this form and return it to the EEO office within 10 calendar days of receipt. This is the only notification you will receive about the need for you to complete this form.

Name *(Last, First, MI)*
**PATEL, YASHAVANT R**

EIN, or SSN *(if applicable)*

Home Telephone Number
**(678) 480-4398**

Your Mailing Address *(Street or PO Box™, City, State and ZIP+4)*   **LAWRENCEVILLE**
**3497 DRAYTON MANOR RUN, GA-30046**

Finance Number
**12-3569**

Name of Postal Facility Where You Work
**N.M. DULUTH GA-30026**

Office Telephone Number
**(770) 935-5048**

Address of Postal Facility *(Street or PO Box, City, State and ZIP+4)*

Email Address*
**gyashpatel1@gmail.com**

**Employment Status** *(Check one.)*
☐ Applicant   ☒ Career
☐ Non-Career *(Specify)*:

Position Title   **ET**

Position Level   **PS 10**

Do you have Veteran's Preference Eligibility?
☐ Yes   ☒ No

| Pay Location | Tour **3** | Duty Hours **1400-2250** | Off Days *(If Tour L show nights off.)* **TH/FRI** | Time in Current Position **3** Years ____ Months |

Your Supervisor's Name   Howard Harris
**Vicky Greaves**

Supervisor's Title
**SMO**

Supervisor's Telephone Number
**(770) 935-5048**

*Providing this information will authorize the U.S. Postal Service® to send you important documents electronically.*

Prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex *(Male, Female)*, Sex *(LGBT)*, Age *(40+)*, National Origin, Physical and/or Mental Disability, Genetic Information, or in Retaliation for your participation in protected EEO activity. These categories are referred to on this form as factors.

What factor(s) of discrimination are you alleging? *(Please be specific, i.e., Race-African American, Sex-Female).*

**1. Retaliation 2. National origin 3. Age: 61 yrs.**

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the protected EEO activity that you feel caused you to be retaliated against.

1. On **02/05/2018** , I engaged in EEO activity. Case Number: **1K-302-0010-18**
*(Month, Day, Year)*

2. On _____ , I engaged in EEO activity. Case Number: _____
*(Month, Day, Year)*

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On **07/15t** , 20 **18**
*Month, Day*       *Year*

When I asked Mr. F. Hernandez to get help by a trained cioss-employee, he called me in the office and kept shouting, abusing and mad on me for about 6-7 minutes and didn't allow me to response to all his questions. Pl. see attachment#1&2.

PS Form **2584-A**, October 2015 *(Page 1 of 3)*

Attachment #1

Attachment # 01

Harassment by Mr. Fredy Hernandez.

It has been ongoing harassment by Mr. Fredy Hernandez for last 3 years ever since Mr. Fredy has been working on our tour 3 inspite of my several times reminding him of disparate treatment and never miss any chance to harass me.

On July 1st a week of celebration of "American Freedom" Mr. Hernandez called me in the office because I had requested him to give me help by a CIOSS trained mechanic/ET to fix the Labeler # 2 but when I went in the office he started shouting,yelling at me for 6 to 7 minutes and while I was responding to his questions he did not allow me to speak.He was very mad and furious and he told me 2 times that "Mr. Patel, Do not make me raise my voice again."He also said that "If you are not trained,I will put you on front side".I don't know why hewas asking me that because I asked for help by a trained employee?When I tried to respond his questions,he stopped me saying,"I am your boss and you are going to listen.You are not allowed to speak". During all 7 minutes he was shouting and yelling at me and was very mad and angry.USPS has rule of conduct for all employees, the management officials are not exempted to break the rule.They are also obligated to follow the rule of conduct.We also have zero tolerance rule of any violance,raising voice and yelling is also considered violance.

When I went home I could not sleep and was thinking about the abuses suffered on my work floor.

Next day on 2nd July,2018 after the meeting was over,I got a cart from T-2 employee and loaded my tools and talked about the incident that occured on July 1st and expressed my concerns of my work floor safety.He asked me to talk to Mr. Hernandez first and said that if that don't work out then he will arrange 1 to 1 meeting with him and esolve the issues.I said ok and it lasted about 20 minutes then I went to work floor.

When Mr. Hernandez called me to see him in the office,I went there.He asked me,"Can you explain to me where you been since 2:20 when I was waiting for you on radio?2:20 Mr. Patel we are talking about 20 minutes,I give you opportunity before I deduct from your pay I give you opportunity to explain me where you were Mr. Patel?", While I was giving answer,he inturupted me again and said "I am just asking you a question and I need an answer Mr.Patel"I saw he looke mad and angry again because he did not give me an opportunity to answer his question and inturrupted me 2 times while I was answering his question.At this point I asked him,"Are you in your stable mind?"He didn't say that he was cool and ok but repeated again,"I will ask you again Mr. Patel,"where were you for last 20 minutes?,I was confirmed that he was extremly mad and angry,so I asked him,"Are you mad or not?' For my safety because a mad man can go to any extent and harm the other person.He jumped up and raised his voice and asked," Are you going to answer me or not?" I replied "I am going to answer."After that he jumped off his chair and told me,"Come with me Mr. Patel please,I need to take you off the clock." While we were walking towards the clock I told him that I was with Mr. Schaffer ,but he ignored it.He told me to get off the clock.I said,"I was with Mr.Schaffer.He said,"I need you off the clock Mr.Patel(2times). At this point he raised his voice again,"Mr. Patel",Are you going to follow my instruction?Please I walk you out of this building.Get off the clock Mr.Patel,Off the clock Mr. Patel." When I was saying that I was with Mr.Schaffer,he said " you got 5 seconds and started saying 1

Attachment #2

second(instructed Mr.Vicky Greaves that start dialing 911 please),2...3...4...5.He said get off the clock."Then he rushed towards Mr. Shaffer's office.
The entire process took only 2 minutes including a meeting - without any APWU represantation. It prooves that he already made up his mind to harass me and acted as a bully man during this process.

Ihave got a notice of Investigatory Interview on 07/20/2018 Friday dated on 07/17/2018 to participate in the interview on 07/23/2018 Monday at 1400 N.M. P & DC. Which I see as the cover up of his wrong doing and the retaliation for my EEO.



Attachment # Harassment by Mr.Howard Harris.
(01)  On 04/14/2018 T-3 supervisor Mr. Howard Harris was disrespectful,yelling and mad on me around 14:40 near clock in front of parts room office loby and shouted at me that I was late.I said let's go in the office and discuss the matter,not in front of all other employees.He didn't stop and kept yelling.I said other employee also clocked at the same time,but he charged me for 08 click late which is within the tolerance limit but he printed ps form 3971 and asked me to sign or threatened me that he will not pay me.

(2)On 02/15/2018 Thursday when I was filling up my paper work,he told me that you have faldified federal documents because I had corrected wron date on my ps form 3971,and he said he would put me in jail and fire me from my job.

This is the type of a supervisor who has been harassing me for long time.
There are so many other incidents that I will produce them during the hearing.

07/20/2018

████████████████

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations.

**1.** Mr. Barry Drake    | Male, White American.

(Name of Employee)         Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I where: He took his break wasn't stopped while working on AFCS #7, AFCS #6, AFCS #4 on different occassions

**2.** Mr. Dom Seaburn    | Male, African American.

(Name of Employee)         Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I where: On several occasions he took his breaks & lunch while working on DBCS machine and AFCS

**3.** Rest of all employees— Even machines broke down for more than 2 hours, 8 hours. No employee was forced not to take

(Name of Employee)         Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I where: their breaks until machine was fixed, there is no such rulling that "No one take their breaks untill the machine is up". This was forced only on myself by Mr. Hernandez

**4.** Please see the attachment. # 2

████████████████

List the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name Fredy Hernandez | 1b. Title Manager, T-3 Maintenance |
| 1c. Office N.M. Duluth , GA-3002? | 1d. Position Level 23 |
| 2a. Name Mr. Howard Harris | 2b. Title Supervisor, T3 Maintenance |
| 2c. Office | 2d. Position Level 17 |

Retaliation Allegations Only: Was/were the official(s) listed in Section E above aware of your participation in protected EEO activity?

☐ No ☒ Yes  If yes, explain how the official(s) became aware: Mr. Howard Harris and Mr. Fredy Hernandez have given their statements for my EEO Case # 1K-302-0010-18.

████████████████

What are you seeking as a resolution to your pre-complaint?

1. $300,000 for tolerating all the abuses and painful & miserable life for last 3 years.

2. Move my working tour to Tour # 2 from 6.0 AM to 14:50 PM. 3. Give in writing that no other supervisor

████████████████

On the incident that prompted you to seek EEO counseling, have you: will harrass me in future.

| 1. Filed a grievance on the same issue? | ☒ No ☐ Yes If yes, 07/02/2018 in process. |
| | (Date) (Current Step) |

RECEIVED

JUL 26 2018

| 2. Filed an MSPB appeal on this issue? | ☐ No ☐ Yes If yes, |
| | (Date Appeal Filed) | MEEOISO |

| 3. Filed an appeal under Section 650 of the Employee and Labor Relations Manual (ELM)? | ☐ No ☐ Yes If yes, |

PS Form 2564-A, October 2015 (Page 2 of 3)

You have the right to remain anonymous during the pre-complaint process.
Do you desire anonymity?    ☐ No    ☐ Yes

You have the right to retain representation of your choice. (Check one.)
☐ I waive the right to representation at this time.    ☒ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| MR. Richard Eisert ET. | ET-10 |

| Organization | Telephone Number | Email Address** |
|---|---|---|
| NM. Duluth, Gra-30026 USPS. | (765) 606-8570 | eisert1206@gmail.com |

Mailing Address (Street or PO Box, City, State and ZIP+4)
1401 Carson Trail, Winder, Gra - 30680

**Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

**Privacy Act Statement:** Your information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. Collection is authorized by 39 U.S.C. 401, 409, 410, 1001, 1005, and 1206. Providing the information is voluntary, but if not provided, we may not be able to process your request. We may disclose your information as follows: in relevant legal proceedings; to law enforcement when the U.S. Postal Service® (USPS®) or requesting agency becomes aware of a violation of law; to congressional office at your request; to entities or individuals under contract with USPS; to entities authorized to perform audits; to labor organizations as required by law; to federal, state, local or foreign government agencies regarding personnel matters; to the Equal Employment Opportunity Commission; and to the Merit Systems Protection Board or Office of Special Counsel. For more information regarding our privacy policies, visit www.usps.com/privacypolicy.

**Rehabilitation Act Notice:** Under the Rehabilitation Act, medical information is confidential and may only be requested or disclosed in very limited circumstances. Medical documentation about the complainant's and possible comparison employees' medical conditions and work restrictions may be requested in connection with the investigation of an EEO complaint. Information about medical restrictions (but not medical conditions) obtained in the course of an EEO investigation may be disclosed to supervisors and managers who need to know about restrictions on the work or duties of the employee and about necessary accommodations. Supervisors and managers are not permitted to share such information with peers or subordinates or to discuss the information with those who have no need to know and whose requests for the information are not job-related and consistent with business necessity.

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process if (1) similar or related to a formal complaint that I have already filed, or (2) the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, Information for Pre-Complaint Counseling, I recognize that the manager, Dispute Resolution, and NEEOISO will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the manager and NEEOISO determine that my claim(s) shall be processed as amendments or appendages to a formal or informal complaint that I have already filed.

Print your name here   YASHAVANT R PATEL

| Your Signature | Date signed |
|---|---|
| [signature] | 07/20/2018 |

Please return this form to:

NEEOISO - EEO CONTACT CENTER
U.S. POSTAL SERVICE
PO BOX 21979
TAMPA FL 33622-1979

RECEIVED

JUL 26 2018

NEEOISO

PS Form 2564-A, October 2015 (Page 3 of 3)

Counselor's Report
Page 5 of 10

Mr. Freddy Hernandes

M M O   Maintenance

NM. Duluth, Ga-30026.

20 Feb, 2018.

Subject : Threat & harrassment by supervisor.

Sir,

I like you to take necessary action for the harassment and undue threat by supervisor Mr. Howard Harris.

On Thursday Feb 15, 2018 around 9:30PM I went in the office to fill the work order. Mr. Howard and Mr. Earnest were sitting already. Then Mr. Howard said," I can put you in jail for falsifying the govt documents. Also he said I can fire you for that. I replied that what documents? He said you changed the date on Leave slip". I said you can correct it. and give it me back. He again said that "fire and put in prison". Then I reelised that he has lost his temper, so I kept quiet and told him that you please do what you feel right to do.

He had been treating me very often in past and threatening me. pl. do needful in the matter

Yash Patel 02/20/2018.

Mr. F Hernandez MMO, NM.

T-3, Duluth GA 30026.

Sub: On going harrassment, bullying by
   SMO Howard Harris T-3.

Dear Mr. Hernandez,

I have had several times informed you
in the office and on work floor for Mr.
H. Harris who has continued bullying on
me with raising his voice, talking un-
professionally on work room floor.

On Friday evening 04/12/2019 he approach
me on my break and shouted "We have
repeatedly said in the meeting that no
breaks after 9 PM, you are taking your
break now". He was loud, he was mad
and he disturbed me while I was on
break. He may have waited and could
talk about his concerns. He didn't
wait for my reason and he ran away
I was working on AFCS #7 find
gate problem, R&R crate cards to make it
work. As per your instruction I could
not leave machine un repaired to
take break. Mr. Bary Drake also took
his break after 9:00 PM, when
he came back, I took my break
I have concerns and doubt why is
he doing so? Have you instructed him
to harrass me because of my EEO
I filed? When will this stop?

Yash Patel ET-10 T-3

04/14/2019.

Note: He has cut my pay 0.66oT money.

**Gover, Rich - Duluth, GA**

| | |
|---|---|
| **From:** | Gover, Rich - Duluth, GA |
| **Sent:** | Tuesday, July 24, 2018 10:06 AM |
| **To:** | Raymond Mason (amal32nmmnt@gmail.com) |
| **Subject:** | Patel |

I was asked at 1330 today to sit in on an Investigative Interview for a Tour 3 employee by SMO Howard Harris as there were no other Stewards in the plant. He said he would do it without one if he had to. SMO Harris asked Patel why he left the building. Patel told him several times that MMO Hernandez told him to clock out and go home and the police were called. Each time SMO Harris told him that didn't happen. Patel stated MMO Hernandez was very angry and Patel felt threatened and feared for his safety. Patel gave SMO Harris a doctor's note with orders to rest from 7/20/2018 to7/30/2018.

Patel and 204b Levy Jones could not locate Patel's time card in the rack at the clock prior the interview. SMO Harris asked if he checked the badge rack in the Maintenance office. Patel stated he made Levy Jones aware it was missing and he could not find it either. After the interview SMO Harris checked both badge racks. When he came back in the office, I asked him if he found it. He said" No he probably has it on him". I then asked what now? Harris said "He can do whatever He wants". I then asked "Does he go to work or go home?" Harris said "He can do whatever He wants". I asked "Are you sure? Harris said "He can do whatever He wants". I suggested to Patel to follow the Doctors orders.

Rich Gover

NTSN ET-11

Steward APWU

Attachment
#3.

**Patel, Yashavant**        **2018-NMM-118**

## Clarification of Contentions

Employee Patel was improperly placed off duty and kept as such for 15 days, when he was summoned back on 7/23 to attend an investigative interview. During this time he was not paid and amassed **56** hours of **LWOP, 56** hours of **AWOL,** charged **7** hours of annual leave that he did **NOT** request, and was denied his holiday worked pay. When he reported for the investigative interview, he was finally put on the clock and sick leave would be utilized for the next 30 hours **(requested).**

The grievant is due the following:

1. Replace the **7** hours annual leave that he was charged when he was involuntarily **DEMANDED** to leave the premises on **7/2/18** with **7** hours of administrative leave, to be granted whenever he applies.
2. Change the **56** hours of **AWOL** that he was charged 7/14 thru 7/22 to reflect work hours.
3. Pay the grievant **$3,692.55** he was due for **103** work hours at the level 10 step P straight time rate.
4. Pay the grievant a total of **$153.66** for the **78** differential hours he would have worked.
5. Pay the grievant a total of **$22.72** for the **16** hours of Sunday premium he would have worked.
6. Pay the grievant a total of **$284.64** for the **8** hours of holiday worked pay he would have earned **(he volunteered and was scheduled to work his 7/4th holiday).**

**In total, the grievant is due a lump sum of $4,153.57**

10

Mr. F. Hernandez MMO, NM.

T-3, Duluth GA 30026.

Sub : On going harrassment, bullying by
        SMO Howard Harris T-3.

Dear Mr. Hernandez,

I have had several times informed you
in the office and on work floor for Mr.
H. Harris who has continued bullying on
me with raising his voice, talking un-
professionally on work room floor.

On Friday evening 04/12/2019 he approach
me on my break and shouted "We have
repeatedly said in the meeting that no
breaks after 9 PM, you are taking your
break now" He was loud, he was mad
and he disturbed me while I was on
break. He may have waited and could
talk about his concerns. He didn't
wait for my reason and he ran away
I was working on AFCS #7 Zip
gate problem, R&R crate cardy to make it
work. As per your instruction I could
not leave machine un repaired to
take break. Mr. Barry Drake also took
his break after 9:00 PM, when
he came back, I took my break
I have concerns and doubt why is
he doing so? Have you instructed him
to harrass me because of my EEO
I filed? When will this stop?

Yash Patel ET-10 T-3

04/14/2019.

Note: He has cut my pay 0.6 O.T money.

**Gover, Rich - Duluth, GA**

**From:** Gover, Rich - Duluth, GA
**Sent:** Tuesday, July 24, 2018 10:06 AM
**To:** Raymond Mason (amal32nmmnt@gmail.com)
**Subject:** Patel

I was asked at 1330 today to sit in on an Investigative Interview for a Tour 3 employee by SMO Howard Harris as there were no other Stewards in the plant. He said he would do it without one if he had to. SMO Harris asked Patel why he left the building. Patel told him several times that MMO Hernandez told him to clock out and go home and the police were called. Each time SMO Harris told him that didn't happen. Patel stated MMO Hernandez was very angry and Patel felt threatened and feared for his safety. Patel gave SMO Harris a doctor's note with orders to rest from 7/20/2018 to7/30/2018.

Patel and 204b Levy Jones could not locate Patel's time card in the rack at the clock prior the interview. SMO Harris asked if he checked the badge rack in the Maintenance office. Patel stated he made Levy Jones aware it was missing and he could not find it either. After the interview SMO Harris checked both badge racks. When he came back in the office, I asked him if he found it. He said" No he probably has it on him". I then asked what now? Harris said "He can do whatever He wants". I then asked "Does he go to work or go home?" Harris said "He can do whatever He wants". I asked "Are you sure? Harris said "He can do whatever He wants". I suggested to Patel to follow the Doctors orders.

Rich Gover

NTSN ET-11

Steward APWU

1

Attach ment #3.

**Patel, Yashavant**          **2018-NMM-118**

## Clarification of Contentions

Employee Patel was improperly placed off duty and kept as such for 15 days, when he was summoned back on 7/23 to attend an investigative interview. During this time he was not paid and amassed **56** hours of **LWOP, 56** hours of **AWOL,** charged **7** hours of annual leave that he did **NOT** request, and was denied his holiday worked pay. When he reported for the investigative interview, he was finally put on the clock and sick leave would be utilized for the next 30 hours **(requested).**

The grievant is due the following:

1. Replace the **7** hours annual leave that he was charged when he was involuntarily **DEMANDED** to leave the premises on **7/2/18** with **7** hours of administrative leave, to be granted whenever he applies.
2. Change the **56** hours of **AWOL** that he was charged 7/14 thru 7/22 to reflect work hours.
3. Pay the grievant **$3,692.55** he was due for **103** work hours at the level 10 step P straight time rate.
4. Pay the grievant a total of **$153.66** for the **78** differential hours he would have worked.
5. Pay the grievant a total of **$22.72** for the **16** hours of Sunday premium he would have worked.
6. Pay the grievant a total of **$284.64** for the **8** hours of holiday worked pay he would have earned **(he volunteered and was scheduled to work his 7/4[th] holiday)**.

**In total, the grievant is due a lump sum of $4,153.57**

# American Postal Workers Union, AFL-CIO

STEP 2
GRIEVANCE
APPEAL FORM

1  DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE)
Art 2  Harassment

| CRAFT | DATE | LOCAL GRIEVANCE | USPS GRIEVANCE |
|-------|------|-----------------|----------------|
| Maint | 11/5/2019 | #2019-132 | # |

TO USPS STEP 2 DESIGNEE (NAME AND TITLE)
2  Kevin Cook, Labor Rel. Spec

INSTALLATION / SEC. CEN/BMC
North Metro P&DC

PHONE

| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|

FROM: LOCAL UNION (NAME OF)
3  APWU- AMAL

STEP 2 AUTHORIZED UNION REP. (NAME AND TITLE)
4  Donna Davis, Asst. Maint. Dir

| AREA CODE | PHONE (OFFICE) | AREA CODE | PHONE (OTHER) |
|-----------|----------------|-----------|---------------|
| 770 | 925 9641 | | |

LOCAL UNION PRESIDENT
5  Carl Hudson

| AREA CODE | PHONE (OFFICE) | AREA CODE | PHONE (OTHER) |
|-----------|----------------|-----------|---------------|
| 404 | 349 5411 | | |

## WHERE - WHEN   STEP 1 MEETING & DECISION   MET WITH

6  UNIT/SEC/BR/STA/OFC
North Metro

| DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |
|-----------|-----------------|-------------------------|
| | Hernandez, Fred | Patel / Davis |

7  STEP 1 DECISION BY (NAME AND TITLE)
Direct appeal to Step 2

| DATE AND TIME | INITIALS | INITIALING ONLY VERIFIES DATE OF DECISION |
|---------------|----------|-------------------------------------------|

8  GRIEVANT PERSON OR UNION  (Last Name First)
Patel, Y

| ADDRESS | CITY | STATE | ZIP | PHONE |
|---------|------|-------|-----|-------|
| 507 SnowOwl Way | Lawr. | GA | 30044 | |

9  SOCIAL SEC/RRI NO.
02148770

| SERVICE SENIORITY/CRAFT | STATUS | LEVEL | STEP | DUTY HOURS | OFF DAYS | | | | | | | |
|-------------------------|--------|-------|------|------------|----------|--|--|--|--|--|--|--|
| Maint | FTR | 10 | P | 0600-1450 | ☐ SAT ☐ SUN ☐ MON ☒ TUE ☒ WED ☐ THU ☐ FRI | | | | | | | |

10  JOB/PAY LOCATION/(UNIT/SEC/BR/STA/OFC)
082

| WORK LOCATION CITY AND ZIP CODE | LIFETIME SECURITY | VETERAN |
|---------------------------------|-------------------|---------|
| North Metro 30026 | ☐ Yes ☐ No | ☐ Yes ☐ No |

11  Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.)

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, LM MINUTES, ETC.

12  DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

2019-NMM-132
EGS32-19-002362

List of attached papers as identified

13  CORRECTIVE ACTION REQUESTED

SIGNATURE AND TITLE OF AUTHORIZED UNION REP

**2019-NMM-132**        **EGS32-19-002363**

## ARTICLES: 2, 5, 15, 19, JCIM, ELM, NO FEAR ACT, POSTAL SERVICE POLICY ON BULLYING/HARASSMENT

### DETAILED STATEMENT OF FACTS/ CONTENTIONS:

APWU and employee Patel are aggrieved that he is **STILL** being bullied and harassed by tour 3 MMO Hernandez. While he was assigned to tour 3, the grievant was harassed so often by MMO Hernandez and other tour 3 management supervisors at Hernandez's encouragement that even after having filed EEO's, he was forced to bid to another tour to escape from the abuse. On tour 2 where the grievant currently holds a bid, there is an MMO **(Glenn)** and at least 3 supervisors **(McNeill, Wallace, Mincey, and Seay);** so there is no lack of supervision. However, MMO Hernandez **(who is assigned to tour 3),** constantly comes in at noon and immediately comes straight to the grievant's area or starts yelling **FOR** him or **ABOUT** him over the intercom or radio systems. Most often, he yells about not seeing the grievant when the grievant has gone to lunch, but there has not been a problem raised by any of the tour 2 management staff who would **ALL** be aware of where the grievant was. This issue also has elements of retaliation for previous EEO activity against MMO Hernandez. The grievant is always fearful when MMO Hernandez is around and the toxic work environment caused by MMO Hernandez's actions have begun to affect him physically.

The Atlanta District zero tolerance policy regarding bullying and acts/ threats of violence in the workplace dated 2/29/2016 either **DOES NOT** apply to every employee in the same manner or MMO Hernandez is violating it because his actions, if known to higher mgmt, certainly rise to that level. Further, the **NO FEAR** Act dated 2002 is also consistently being violated by MMO Hernandez.

Information requested regarding this situation has not been provided as of this appeal. No step 1 meeting was held; no constructive discussion could be expected to be conducted anyway. This grievance was directly appealed to step 2 pursuant to article 2.

**CORRECTIVE ACTION REQUESTED:**

APWU and employee Patel request that tour 3 MMO Hernandez be required to leave all matters relative to the grievant **(and ALL tour 2 personnel)** to tour 2 management personnel during tour 2 hours, that the grievant is no longer singled out, bullied, or harassed by him, that no further retaliation for previous EEO activity takes place, and that MMO Hernandez is required to abide by all NO FEAR, Non-discrimination, and zero tolerance provisions.

<u>STANDARD STATEMENT FORM</u>

Name: YASH AVANT R PATEL          North Metro P&DC

Address: 507 SNOW OWL WAY          American Postal Workers Union.

City: LAWRENCEVILLE - GTA   Atlanta Metro Area Local

Phone: 678-480-        ZIP: 30044          PO Box 3232

EID: 02148770   Off Days: Tu/Wed          Atlanta, GA 30302

Tour: 2          Pay Location: 082

Level: 10          Step: _____

I do hereby render this statement in regards to a situation involving   Mr. Fredy

Hernandez MMO T-3 which occurred on or about   Nov 01 Friday

This statement is true to the best of my knowledge and recollection.

In your own words state what happened and how this matter can best be resolved. Include as many details as possible.

1 Harassment by T-3 MMO Mr. Fredy Hernandez
On 1st of November, 2019 Mr. Fredy Hernandez
started calling my name on radio and on
microphone announcing about me "and he
said that he hadn't seen Mr. Patel for
30 minutes and kept calling my name
on radio 3 to 4 times. He has started
again bullying on me and harrassing
me. Because of his harassment and
his other supervisor Mr. H. Harris who
often got mad and angry used
cursed words (Mother Fucker) etc. I
came on Tour-2 to avoid the harass
ment. He had sent me home on 2nd
July 2018 and hasn't paid me.
01 stop the harassment ASAP.

Signed _____          Date 11/03/2019

## ARTICLE 2
## NON-DISCRIMINATION AND CIVIL RIGHTS

### *GRIEVANCES*

Article 2 gives bargaining unit employees the contractual right to object to and remedy alleged discrimination by filing a grievance directly to Step 2 of the grievance procedure.

This Article also provides bargaining unit employees the contractual right to grieve alleged violations of the Rehabilitation Act through the grievance procedure. The Postal Service guidelines concerning reasonable accommodation are contained in Handbook EL-307, *Guidelines on Reasonable Accommodation.*

### *EEO COMPLAINTS*

EEO settlements to which the union is not a party will not take precedence over the language contained in the collective bargaining agreement (CBA). Nor can an EEO settlement modify the terms or requirements of the CBA. A settlement of an EEO claim does not automatically render moot a grievance filed on the same issue. Rather, for a grievance beyond Step 1, the union must be signatory to any EEO settlement which resolves the grievance, and the EEO settlement should specifically include the grievance waiver in the text of the settlement.

Witnesses whose presence at EEO hearings is officially required will be in a duty status during a reasonable period of waiting time prior to their testimony at the hearing and during their actual testimony.

### *ACCOMMODATION FOR DEAF AND HARD OF HEARING*

Management has an obligation to reasonably accommodate Deaf and Hard of Hearing employees with a disability under the Rehabilitation Act (the "Act") and applicants who request assistance in communicating with or understanding others in work related situations, such as but not limited to those stated below or in the Memorandum of Understanding regarding *Reasonable Accommodation for the Deaf and Hard of Hearing* (which is included in the National Agreement).

- During investigatory interviews, which may lead to discipline, discussions with a supervisor on job performance or conduct, or presentation of a grievance pursuant to Article 17 and other provisions of the collective bargaining agreement.

- New technology such as Video Remote Interpreting (VRI) and Video Relay Service, when available, will be used.

- Deaf or hard of hearing applicants will be scheduled for a specific examination time, when an interpreter will be available.

- Interpretive services should be scheduled as far in advance as possible.

- The nature of an emergency situation will be communicated as soon as possible.

## No FEAR Act Notice

On May 15, 2002, Congress enacted the "Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002," which is now known as the No FEAR Act. One purpose of the Act is to "require that Federal agencies be accountable for violations of antidiscrimination and whistleblower protection laws." Public Law 107-174, Summary. In support of this purpose, Congress found that "agencies cannot be run effectively if those agencies practice or tolerate discrimination." Public Law 107-174, Title I, General Provisions, section 101(1).

The Act also requires the United States Postal Service (Postal Service) to provide this notice to Postal Service employees, former Postal Service employees and applicants for Postal Service employment to inform you of the rights and protections available to you under the Federal antidiscrimination laws and whistleblower protection regulations.

### Antidiscrimination Laws

A Federal agency cannot discriminate against an employee or applicant with respect to the terms, conditions or privileges of employment on the basis of race, color, religion, sex, national origin, age, disability, marital status or political affiliation. Discrimination against Postal Service employees and applicants on these bases is prohibited by one or more of the following statutes and regulations: 29 U.S.C. 206(d), 631, 633a, 791, 42 U.S.C. 2000e-16, Employee and Labor Relations Manual (ELM) 665.23, 666.12.

If you believe that you have been the victim of unlawful discrimination on the basis of race, color, religion, sex, national origin or disability, you must contact the Postal Service Equal Employment Opportunity (EEO) office using the central telephone number within 45 calendar days of the alleged discriminatory action, or, in the case of a personnel action, within 45 calendar days of the effective date of the action, before you can file a formal complaint of discrimination with the Postal Service. See, e.g. 29 CFR 1614. The central telephone number is:

> 888-EEO-USPS (888-336-8777).
> Deaf and hard of hearing call: 800-877-8339
> (Federal Relay Service).

If you believe that you have been the victim of unlawful discrimination on the basis of age, you must either contact the EEO office as noted above, within the time period noted above, or give notice of intent to sue to the Equal Employment Opportunity Commission (EEOC) within 180 calendar days of the alleged discriminatory action. If you are alleging discrimination based on marital status or political affiliation, you may pursue a discrimination complaint by filing a grievance through the Postal Service's administrative or negotiated grievance procedures, if such procedures apply and are available. If those procedures do not apply or are not available, you may file a written complaint including as much specific information on the alleged violation as possible with the:

> Vice President Labor Relations
> Postal Service
> 475 L'Enfant Plaza, SW
> Washington, DC  20260-4100

### Whistleblower Protection

A Postal Service employee with authority to take, direct others to take, recommend or approve any personnel action must not use that authority to take or fail to take, or threaten to take or fail to take, a personnel action against an employee or applicant because of disclosure of information by

that individual that is reasonably believed to evidence violations of law, rule or regulation: gross mismanagement; gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, unless disclosure of such information is specifically prohibited by law or such information is specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs.

Retaliation against an employee or applicant for making a whistleblower protected disclosure is prohibited by ELM 666.18. If you believe that you have been the victim of whistleblower retaliation, you may file a written complaint with:

> Postal Service Office of Inspector General Hotline
> 1735 N. Lynn Street
> Arlington, VA  22209-2005

or via telephone through the toll free Office of Inspector General Hotline at 888-USPS-OIG (888-877-7644). Deaf and hard of hearing may use the TTY telephone number 866-OIG-TEXT (866-644-8398). You may also contact the Office of Inspector General Hotline through email at hotline@uspsoig.gov.

## Retaliation for Engaging in Protected Activity

The Postal Service cannot retaliate against an employee or applicant because that individual exercises his or her rights under any of the Federal antidiscrimination laws or whistleblower protection regulations listed above. If you believe that you are the victim of retaliation for engaging in protected activity, you must follow, as appropriate, the procedures described in the Antidiscrimination Laws and Whistleblower Protection sections of this notice or, if applicable, the administrative or negotiated grievance procedures in order to pursue any legal remedy.

## Disciplinary Actions

Under the existing laws, the Postal Service retains the right, where appropriate, to discipline a Postal Service employee for conduct that is inconsistent with Federal Antidiscrimination Laws and Whistleblower Protection regulations up to and including removal. Nothing in the No FEAR Act alters existing laws or permits the Postal Service to take unfounded disciplinary action against a Postal Service employee or to violate the procedural rights of a Postal Service employee who has been accused of discrimination.

## Additional Information

For further information regarding the No FEAR Act refer to Public Law 107-174 and the Postal Service No FEAR Act Web page http://www.usps.com/nofearact.

## Existing Rights Unchanged

Pursuant to section 205 of the No FEAR Act, neither the Act nor this notice creates, expands or reduces any rights otherwise available to any employee, former employee or applicant under the laws of the United States.

ATLANTA PERFORMANCE CLUSTER


**UNITED STATES**
**POSTAL SERVICE**

**PERMANENT POSTING**

February 29, 2016

**Postal Service Policy Statement on Acts and Threats of Violence in the Workplace**

This memo reaffirms the Postal Service's policy statement on acts and threats of violence as that which condones any behavior or personal habit intentionally breaching the USPS Standards of Conduct. Each and every employee has a right to perform his or her assigned duties in an atmosphere free from threats, assaults, and other acts of workplace violence. Any form of workplace aggression to include a physical or verbal altercation intended to inflict injury or damage will not be tolerated. Demonstrated behavior by Postal employees that are intimidating, bullying, and/or otherwise threatening, will bring an immediate and appropriate response by Postal management and/or law enforcement.

| There will be zero tolerance for acts or threats of violence in our workplace. |
| --- |

Each and every act or threat of violence, committed against other postal employees or customers, will elicit a prompt investigation of facts and an appropriate response to those findings. Acts or threats of violence include but are not limited to:

- Any act of physical violence

- Any actual, implied or veiled (hidden) threat, made seriously or in jest.

- Any type of vulgar or inappropriate language that could lead to a hostile work environment.

- Any bullying, provoking, or intimidating communication and/or behavior, either verbal or non-verbal that imparts fear.

While certain behaviors can lead to corrective action up to and including removal, our intent is to uphold this policy statement to ensure employee are able to carry out their duties in a safe and productive manner.

Any employee believing he/she has been subjected to a threat or assault is instructed to *immediately* report the incident to a supervisor or manager. In this regard, any unusual situation having the potential to cause workplace violence must be reported.

Scott P Raymond
District Manager
Customer Service & Sales

Mark D Hogan
Sr. Plant Manager
Processing & Distribution

ATLANTA PERFORMANCE CLUSTER


**UNITED STATES
POSTAL SERVICE**

**PERMANENT POSTING**

March 6, 2019

## ALL ATLANTA DISTRICT EMPLOYEES

### SUBJECT: Zero Tolerance Policy

All Postal Service employees have to perform his or her assigned duties in an atmosphere free of threats, assaults and other/or acts of workplace violence. We are committed in the effort to ensure a safe working environment for all employees. Threats or assaults made directly or indirectly toward any employee or Postal Service customer, even in jest, will not be tolerated. This misconduct causes very real concern and apprehension on the part of employees and customers to whom this type of action is directed.

This Zero Tolerance Policy places all employees on notice that threats, assaults or other acts of violence committed against other Postal Service employees or customers indicates that each and every act or threat of violence, regardless of the initiator, elicits an immediate and firm response. This response will result in corrective action, up to and including removal from the Postal Service. Any employee who has been subjected to a threat or assault is by this policy instructed to immediately report the incident to a postmaster, manager or supervisor and/or the Inspection Service. Employees should report any unusual situation that has the potential to cause workplace violence. This includes threats of suicide which are considered acts of violence. Reports to the Inspection Service, at the request of the employee who reports the incident, will be handled anonymously.

Below are definitions to help you understand and clarify when a treat, assault or other act of workplace violence has occurred:

- **Threat (broadly defined)** – A statement or act that carries the intention to inflict harm or injury on any person, or on his or her property. Threats also include words or actions intended to intimidate another person or to interfere with the performance of his or her official duties (e.g., standing in front of a corridor with a menacing posture and not permitting another person access to load a Postal Service vehicle)
- **Assault (broadly defined)** – Any willful attempt to inflict upon the person of another, when coupled with an apparent ability to do so, or any intentional display of force that would give the victim reason to fear or expect immediate bodily harm. Note: an assault may be committed without touching, striking, or doing bodily harm to another person (e.g., throwing a brick at a person that does not actually strike the person).

Violence is not limited to fatalities or physical injuries. We recognize that any intentional words, acts, or actions meant to provoke another can escalate and result in injury if they are not immediately and appropriately addressed by management.

_Jennie E. _____
District Manager

_Barbra Murph_
Senior Plant Manager (A)

# Understanding Harassment

## Purpose of This Guide

This guide provides you, the manager, postmaster, or supervisor, with:

- A definition and examples of workplace harassment, including harassment that is illegal under federal discrimination laws.
- Information on costs and effects of harassment in the workplace.
- Investigative action you must take when you receive allegations of harassment or become aware of harassing behavior.
- Action you must take to stop any harassing behavior found in your investigation.
- The follow-up and appropriate corrective actions you must take.

## Definition of Harassment

The term *harassment* is commonly used by the general public and is also defined by law. Federal laws and the laws of each state define harassment, resulting in many different definitions. Because of this complexity, it is difficult to come up with a standard definition of harassment that is correct in every context. However, in general, harassment is unwelcome behavior directed at an individual, which the person finds offensive and harmful, and that a reasonable person would view as unwelcome or offensive.

Workplace harassment includes personal interactions characterized by bullying behaviors, personal attacks, acts of intimidation or threats, and behavior that may humiliate, embarrass, and belittle others. Harassment can take the form of verbal comments, actions, gestures, and displays. Usually the offensive behavior occurs often, over a period of time.

Illegal workplace harassment is harassment based on one or more of the bases protected by federal antidiscrimination laws, including Title VII of the Civil Rights Act, the Rehabilitation Act, and the Age Discrimination in Employment Act. These federal laws prohibit discrimination, which includes harassment based on race, color, religion, national origin, sex, age (40+), physical or mental disability. For example, sexual harassment is a type of harassment based on sex and is, therefore, prohibited by federal law. These laws also prohibit retaliation for participating in EEO activity.

To make you aware of the potential legal liability of the Postal Service for the behavior of its employees, the definition of illegal harassment under federal law and Equal Employment Opportunity Commission (EEOC) regulations and guidance is defined more fully on page 10. Be aware that Postal Service policy requires managers, supervisors, and postmasters to follow the procedures outlined in this publication. They must investigate, stop, and correct all forms of harassment and inappropriate behavior they become aware of — whether or not the behavior is illegal under federal law.

Be sure to read the *Postal Service Policy on Workplace Harassment,* which can be found at:
*http://blue.usps.gov/cpim/ftp/policy/dd/092506.pdf;* or
*http://blue.usps.gov/cpim/ftp/policy/dd/092506.pdf/welcome.htm;*
and the *Postal Service Policy Statement on Sexual Orientation, Gender Identification, and Gender Stereotyping,* which can be found at:
*http://blue.usps.gov/cpim/ftp/policy/dd/022106.pdf;* or
*http://blue.usps.gov/cpim/ftp/policy/dd/022106.pdf/welcome.htm*

**APWU**  
American Postal Workers Union AFL-CIO

| CLASS ACTION OR PERSON (Last Name First) | NATURE OF ALLEGATION |
|---|---|
| Patel, Y                I R 2019-193 | Continued Harassment |

11/5/2019
_____
DATE OF REQUEST

TO:  Louis Hulse          TITLE: _____

FROM:  Donna Davis          TITLE: _____

SUBJECT:   REQUEST FOR INFORMATION AND DOCUMENTATION RELATIVE TO PROCESSING A GRIEVANCE

·We request that the following documents and/or witnesses be made available to us in order to properly identify whether or not a grievance does exist and, if so, their relevancy to the grievance:

Information provided ? YES   NO

I R 2019-193                                                   ( )   ( )
                                                              ( )   ( )

Please provide a copy of the Postal Service's policy regarding harassment and    ( )   ( )
bullying.                                                      ( )   ( )
                                                              ( )   ( )

Please provide a copy of the North Metro SOP regarding how to handle reports of  ( )   ( )
harassment and bullying, particularly when an EAS employee is the agressor.      ( )   ( )
                                                              ( )   ( )
                                                              ( )   ( )
                                                              ( )   ( )
                                                              ( )   ( )
                                                              ( )   ( )
                                                              ( )   ( )

Article 17, Section 3 requires the Employer to provide for review all documents, files, and other records necessary in processing a grievance. Article 31, Section 3, requires that the Employer make available for inspection by the Unions all relevant information necessary for collective bargaining or the enforcement, administration or interpretation of this Agreement. Under 8 a (5) of the National Labor Relations Act it is an Unfair Labor Practice for the Employer to fail to supply relevant information for the purpose of collective bargaining. Grievance processing is an extension of the collective bargaining process.

[ ] REQUEST APPROVED          [ ] REQUEST DENIED

SIGNED_____

DATE:-_____

APWU HQ 05/31/2012



## APWU Email Detail for EGS32

| | |
|---|---|
| **Griev Nbr:** | 2019-NMM-132 |
| **Status:** | Sent |
| **To:** | APWUSTEP2@usps.gov |
| **Cc:** | |
| **Bcc:** | |
| **Subject:** | Atlanta Metro Area Local 32 - Grievance # 2019-NMM-132 |
| **Message:** | APWU Electronic Grievance System - Email Moving Papers |
| | Direct Appeal to step 2 with no step 1 meeting |

Step1_2019-NMM-132
Step2Appeal_2019-NMM-132
2019-132 Step 2 Appeal Form_11102019091249.PDF
2019-132 Statement_11102019091350.PDF
2019-132 JCIM Art 2_11102019091416.PDF
Info Request 2019-193.pdf
2019-132 Contentions.docx

| | |
|---|---|
| **Date Sent:** | 11/10/2019 9:47:25 AM |
| **Date to Send:** | 11/10/2019 12:00:00 AM |
| **Date Entered:** | 11/10/2019 9:45:06 AM |
| **Sender:** | dodavis@amal32.org |
| **Document(s):** | 2019-132 Contentions.docx |
| | 2019-132 JCIM Art 2_11102019091416.PDF |
| | 2019-132 Statement_11102019091350.PDF |
| | 2019-132 Step 2 Appeal Form_11102019091249.PDF |
| | Info Request 2019-193.pdf |